NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CASCADIA WILDLANDS, et al., | No.    17-35038 |
| Plaintiffs-Appellees, | D.C. No. 6:16-cv-01710-AA |
| v. | |
| SCOTT TIMBER CO. and ROSEBURG FOREST PRODUCTS CO., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted October 2, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and LAMBERTH,** District Judge.

Plaintiffs-Appellees Cascadia Wildlands, Center for Biological Diversity,

and Audubon Society of Portland (collectively "Cascadia"), filed suit under the

citizen-suit provision of the Endangered Species Act ("ESA"), 16 U.S.C. §

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

1540(g)(1)(A), and subsequently moved to enjoin implementation of Defendants-Appellants Scott Timber Co. and Roseburg Forest Products Co.'s (collectively "Scott Timber") logging project. Cascadia alleges that the project will result in a taking of the marbled murrelet, a seabird listed as a threatened species under the ESA. 57 Fed. Reg. 45328; *see* 16 U.S.C. § 1538(a)(1)(B). Scott Timber appeals the district court's order granting Cascadia's motion for a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We reverse and remand for further proceedings.

We review de novo a district court's finding on standing. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 902 (9th Cir. 2002). We review for abuse of discretion a grant of a preliminary injunction. *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1115 (9th Cir. 2011). Conclusions of law are reviewed de novo, while factual determinations by the district court are reviewed for clear error. *Id*.

At the outset, we conclude that the district court properly held that Cascadia has standing to pursue this case. Cascadia's alleged injury—diminished ability to view the marbled murrelets—is cognizable as a recreational and aesthetic injury. *See Sierra Club v. Morton*, 405 U.S. 727, 734 (1972). And Cascadia's injuries are imminent, given members' concrete plans to visit the area to view marbled murrelets in the near future. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).

2

To obtain a preliminary injunction, plaintiffs must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In *Winter*, the Supreme Court held that plaintiffs must demonstrate that harm is likely, not just possible, to obtain a preliminary injunction. *Id*. at 22. Here, the district court applied a sliding scale standard. Under that standard, a plaintiff can meet the burden of obtaining a preliminary injunction even when there are "serious questions going to the merits"—a lesser showing than a likelihood of success on the merits— if the balance of hardships strongly favors the plaintiff. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). This Court highlighted, however, that even under the sliding scale standard, the other two *Winter* factors—likelihood of irreparable harm and that the injunction is in the public interest—must be satisfied for a preliminary injunction to be issued. *Id*. at 1135.

The district court did not abuse its discretion by ruling that there were serious questions going to the merits in this case. The merits of this case center on whether a taking of marbled murrelets will occur as a result of the logging project—an issue the district court found hinges on whether the birds occupy the tract. 16 U.S.C. § 1538(a)(1)(B). Since the district court found that both parties

plausibly rely on qualified experts who differ on whether a taking will occur, this Court agrees that the "serious questions" standard is met. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

The district court was also correct that the third and fourth factors of the preliminary injunction standard—balance of hardships and public interest favoring an injunction—are satisfied in this case. In cases brought under the ESA, the balance of hardships and public interest factors always tip heavily in favor of protecting the endangered species. *See Nat. Wildlife Fed'n v. Burlington Northern R.R.*, 23 F.3d 1508, 1511 (9th Cir. 1994) ("The 'language, history, and structure' of the ESA demonstrates Congress' determination that the balance of hardships and the public interest tips heavily in favor of protected species.") (quoting *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 174 (1978)). This court has noted that "[w]e may not use equity's scales to strike a different balance" in an ESA preliminary injunction case. *Sierra Club v. Marsh*, 816 F.2d 1376, 1383 (9th Cir. 1987). Thus, we conclude that the district court did not abuse its discretion in finding these two factors supported issuing a preliminary injunction.

In its approach to evaluating irreparable harm, the district court correctly required harm to Cascadia's interest in individual members of the marbled murrelet species as opposed to harm to the entire species itself. *See Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 704 (1995) (*quoting* S. Rep. No.

4

93–307, p. 7 (1973)) (finding that Congress intended "take" to be defined "'in the broadest possible manner to include every conceivable way in which a person can "take" or attempt to "take" any fish or wildlife.'"); *Or. Nat. Res. Council v. Allen*, 476 F.3d 1031, 1040 (9th Cir. 2007) (finding that Section 9 of the ESA "issues a blanket prohibition on the taking of any member of a listed species."). However, the district court did err as a matter of law by requiring a lesser showing of irreparable harm than necessary to satisfy *Winter*. The district court stated:

> [T]he likelihood of irreparable injury – like the likelihood of success on the merits – depends on which scientific method to follow in determining occupancy. The first and second preliminary injunction factors are inextricably intertwined. Since these two factors are bound together, plaintiffs have provided sufficient showing of likely irreparable harm by showing that serious questions exist as to the merits.

In other words, the district court found that by showing that there were serious questions as to the merits, plaintiffs had also shown a likelihood of irreparable harm. But we have held that the standard for serious questions is lower than the standard for likelihood of success on the merits. *See Republic of the Philippines*, 862 F.2d at 1362 (internal citation omitted) ("Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'"); *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (finding that serious questions standard is a "lesser showing than likelihood of success on the merits."). Therefore, the district court

5

erred in treating the two standards as equivalent. In essence, the district court found that there were "serious questions" as to whether any marbled murrelets inhabited the area in question and would therefore be harmed as a result of the logging project when the district court was actually required to find that it was *likely* that marbled murrelets inhabited the area in question and would be harmed by the project. Because a likelihood of irreparable harm, and not merely a serious question of irreparable harm, is necessary to grant a preliminary injunction, we remand to the district court to apply the proper standard. *See Winter*, 555 U.S. at 22.

**REVERSED and REMANDED.**